NAME: *Chester Ray Wiseman (Pine)*

PRISON NUMBER: *K-65722*

CURRENT ADDRESS OR PLACE OF CONFINEMENT: *480 Alta Road, P.O. Box 799003*

CITY, STATE, ZIP CODE: *San Diego, California 92179-9003*

1983
FILING FEE PAID  Yes ___ No ✓
IFP MOTION FILED  Yes ___ No ✓
COPIES SENT TO  Court ✓  Pro Se ___

FILED

2007 OCT 30 PM 3:59

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 2086 IEG  LSP

*Chester Ray Wiseman (Pine)*,
(FULL NAME OF PETITIONER)

**PETITIONER**

v.

*State of California et. al.*,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

_____,

The Attorney General of the State of
California, Additional Respondent.

Civil No. _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: *Superior Court of California, San Bernardino County 14455 Civic Dr Victorville, Ca.*

2. Date of judgment of conviction: *March 5, 1997*

3. Trial court case number of the judgment of conviction being challenged: *FVI-03854*

4. Length of sentence: *26 years in state prison 85%*

CIV 68 (Rev. Dec. 1998)

K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: *December 5, 1995, release date September 9, 2021.*

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____
   _____
   _____

7. What was your plea? (CHECK ONE)
   (a) Not guilty          ▣
   (b) Guilty              ☐
   (c) Nolo contendere     ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury       ▣
   (b) Judge only ☐

9. Did you testify at the trial?
   ▣ Yes  ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ▣ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: *Affirmed*
    (b) Date of result, case number and citation, if known: *Date unknown case No. E021184*
    (c) Grounds raised on direct appeal: *Unknown*
    _____
    _____
    _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: *Petition for review was denied*
    (b) Date of result, case number and citation, if known: *Date unknown case No. S074150*
    (c) Grounds raised: *Unknown*
    _____
    _____
    _____

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____ *N/A* _____

    (b) Date of result, case number and citation, if known: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number: *SWHSS 9243*

    (b) Nature of proceeding: *Habeas Corpus Petition*

    _____

    (c) Grounds raised: *California Determinate Sentencing Law violates petitioner's right to trial by jury; Petitioner was put in double jeopardy for the same offense; Petitioner subjected to cruel and unusual punishment due to unlawful restitution taken out.*

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

    (e) Result: *Denied*

    (f) Date of result: *March 15, 2007.*

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:
   (a) **California Court of Appeal** Case Number: E042847
   (b) Nature of proceeding: Habeas Corpus Petition

   (c) Grounds raised: Same as above

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes  ☒ No
   (e) Result: Denied
   (f) Date of result: May 2, 2007

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
   ☒ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:
   (a) **California Supreme Court** Case Number: S152889
   (b) Nature of proceeding: Habeas Corpus Petition

   (c) Grounds raised: Same as above

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes  ☒ No
   (e) Result: Denied
   (f) Date of result: October 10, 2007

CIV 68 (Rev. Dec. 1998)

-4-

K:\COMMON\FORMS\CIV-68.

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____ *N/A* _____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☐ Yes ☒ No    (IF "YES" SKIP TO #22)

  (a) If no, in what federal court was the prior action filed? *Central District*
    (i) What was the prior case number? *CV-02-00090-RMT; Appeal No. 02-57100*
    (ii) Was the prior action (CHECK ONE):
      ☐ Denied on the merits?
      ☒ Dismissed for procedural reasons?
    (iii) Date of decision: *September 11, 2002; June 1, 2005.*
  (b) Were any of the issues in this current petition also raised in the prior federal petition?
    ☐ Yes ☒ No
  (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
    ☐ Yes ☒ No

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: The California Determinate Sentencing Law (DSL) violates petitioner's right to trial by jury when it allowed a judge to determine all aggravating facts for a longer sentence not presented to a jury.

Supporting FACTS (state *briefly* without citing cases or law) On January 22, 2007, the U.S. Supreme Court ruled in Cunningham v. California, (05-6551) 2007 LEXIS 1324; 75 U.S.L.W. 4078; 20 Fla. l. Weekly that the elevation based on judicial factfinding denied petitioner's right to trial by jury. In sum California's (DSL) and the rules governing its application, direct the sentencing court to start with the middle term and to move from that term only when the court itself finds and places on the record facts—whether related to the offense or the offender—beyond the elements of the charged offense. In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, the court held that under the 6th amendment any fact (other than a prior conviction) that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge and established beyond a reasonable doubt, not merely by a preponderance of the evidence. Any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict, would have been considered an element of an aggravated crime and thus the domain of the jury. When a judge inflicts punishment the jury's verdict alone does not allow the jury has not found all facts which the law essential to the punishment.
See attached exhibits "A" "B".

Did you raise GROUND ONE in the California Supreme Court?
☑ Yes ☐ No. Teague is not applicable to Cunningham claims made by habeas corpus petitioners whose convictions became final after Apprendi was decided, because Apprendi "dictates" the rule that was announced in Cunningham. People v. Rosen ___ Cal. App. 4th ___ 2007 WL 900765 (3/27/07) & VII [Apprendi dictated the result in Cunningham]; Reed v. Schriro ___ F. Supp.2d ___ 2007 WL 521016 (D. Ariz. 2/14/07), 542 U.S. at 305, Teague v. Lane. 489 U.S. 288.

(b) **GROUND TWO**: Petitioner was placed twice in jeopardy and wrongfully sentenced to consecutive sentences for count (1) and (2) alleged to have occured on the same occasion & same offense.

**Supporting FACTS** (state *briefly* without citing cases or law): PETITIONER was placed twice in jeopardy for the same offense, and charged with both count (1) and count (2), which were alleged to have occured on the same occasion, on the same date, same time, against the same alleged victim, and both count (1) and count (2) are the same in law and fact the same offense. The Supreme Court held that the guarantee against double jeopardy consists of three separate constitutional protections, It protects against a second prosecution for the same offense after acquittal, it protects against a second prosecution for the same offense after conviction and it protects against multiple punishment for the same offense. See North Carolina v. Pearce, 395 U.S. 711. Petitioner relies on U.S. v. Benefield, 874 F.2d 1503, "It is well settled that to support a claim of double jeopardy, a defendant must show that the two offenses charged are in law and fact the same offense... A single agreement to commit several crimes constitutes one conspiracy." Petitioner was charged convicted and sentenced to a consecutive prison terms for count (1) one and count (2) two, which were alleged to have occured on the same occasion, were the same in law, element, penal code section and against the same alleged victim, with no seperate intent or objective ever proven to support multiple punishment. See attached exhibits "B" "C".

Did you raise GROUND TWO in the California Supreme Court?

☒ Yes ☐ No. "If one offense is necessarily included within another offense section § 654 bars punishment for both offenses." In Re: Adams, 14 Cal.3d 629, 122 Cal. Rptr. 73, "Not only is punishment prohibited, but conviction of the included offense is barred as well. People v. Latimore, 5 Cal. 4th 1203, 1216; People v. Craft, 41 Cal.3d 554; Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348,

(c) **GROUND THREE:** Petitioner was subjected to cruel and unusual punishment by trial court imposed excessive restitution fine on petitioner who is indigent, and denied due process.

Supporting **FACTS** (state *briefly* without citing cases or law): Petitioner is indigent and as additional punishment to petitioner, the sentencing court prejudicely imposed an excessive restitution fine of $6,600.00 without making any determination of his ability to pay after being represented by court appointed counsel because he is indigent. There are no losses to the alleged victim as required by the California Constitution Article I § 28 (b). Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, "in which a crime victim suffers a loss," unless compelling and extraordinary reasons exists to the contrary. (1) There are no losses to the alleged victim; as a result of criminal activity by petitioner; (2) The excessive amount of restitution ordered to further punish petitioner, has caused a hardship making it impossible to afford hygiene products for self maintainance and grooming items; (3) The excessive amount of restitution fines taken out whenever petitioner receives monetary gifts from family members has caused undue cruel and unusual punishment to petitioner; (4) The alleged victim has made no attempt to collect any of the restitution collected already. "A sufficient factual foundation for victim's losses must be demonstrated for an order of restitution to be proper." U.S. v. Forzese, 756 F.2d 217, 222-23; The Supreme Court held "that restitution may be awarded "only for the victim's losses" resulting from the specific conduct for which

See attached exhibits "D" "E"

Did you raise <u>GROUND THREE</u> in the California Supreme Court?

☑ Yes ☐ No. losses" resulting from the specific conduct for which the defendant was convicted. Hughey v. U.S. 495 U.S. 411 (1990); The Supreme Court held "that states were subjected to the 8th amendment prohibition on cruel and unusual punishment. Robinson v. California 370 U.S. 660 (1962) Id at 607-69.

(d) **GROUND FOUR**: _____

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes   ■ No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____

    _____

    (e)  Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    (f)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes   ■ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein: CRW.P

    (a)  At preliminary hearing: ~~Mark Shape~~ (Mark Shoup) _____

    (b)  At arraignment and plea: PD Raymond Halard _____

    (c)  At trial: Robert J. O'Connor _____

    (d)  At sentencing: Robert J. O'Connor _____

    (e)  On appeal: Kevin C. McLean _____

    (f)  In any post-conviction proceeding: _____

    (g)  On appeal from any adverse ruling in a post-conviction proceeding: _____
Ms Cara DeVito  (Federal Court of Appeals)

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
■ Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ■ No

(a) If so, give name and location of court that imposed sentence to be served in the future:
N/A

(b) Give date and length of the future sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes ■ No    N/A

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
10-29-2007.

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_Chester Ray Wiseman Pine In Pro Per_
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

10-16-07
(DATE)

_Chest Ray Wiseman Pine_
SIGNATURE OF PETITIONER

CIV 68 (Rev. Dec. 1998)

K:\COMMON\FORMS\CIV-68.

# EXHIBIT COVER PAGE



**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

A true copy of the sentencing transcripts
to support the right to trial by jury was
denied for a longer sentence per Cunningham and Apprendi

## NUMBER OF PAGES TO THIS EXHIBIT: ____3____ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
    And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☒ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

1          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2

3                  FOR THE COUNTY OF SAN BERNARDINO

   DEPARTMENT 2 (VIC)       HON. **STEPHEN H. ASHWORTH**, JUDGE

4

5

   THE PEOPLE OF THE STATE OF CALIFORNIA,   )
6                               Plaintiff,   )
                                             )
7                                            )
   vs.                                       )
8                                            ) Case No.
                                             ) FVI-03854
9  **CHESTER RAY WISEMAN PINE,**             )
   _____Defendant.___  )
10

11

   COUNTY OF SAN BERNARDINO            )
12                                     )        ss
   STATE OF CALIFORNIA                 )
13

14

                  REPORTER'S CERTIFICATE
15

16

17      I, **BEVERLY GUENETTE**, Official Reporter of the

18  Superior Court of the State of California, for the

19  County of San Bernardino, do hereby certify that pages

20  1 through 1229 comprise a full, true and correct

21  computer-aided transcript of the proceedings taken in

22  the above-entitled cause on February 13, 18, 19, 20,

23  24, 25, 26 and 27 and March 3, 4, 5 and 6, 1997.

24      Dated this 23rd day of November, 1997, at

25  Victorville, California.

26

27                            _Beverly Guenette_ C.S.R.

28                            BEVERLY GUENETTE, C-5490

*** NOT TO BE PHOTOCOPIED ***
*** PURSUANT TO GOV. CODE 69954(d)
BEVERLY A. GUENETTE, C.S.R.

1    MR. O'CONNOR: And they occurred prior to the

2 arrest. Prior to that there were two counts. One of them I

3 believe indicated was a year prior.

4    THE COURT: Well, let's check it. On Count 1,

5 that's in December of '95; right? And Count 2, that's December

6 '95. The count 1118 was the one that you were referring to that

7 occurred in the time period November '94.

8    Okay. Anything else?

9    MR. O'CONNOR: That's it.

10    THE COURT: Well, the Court notes, first of all,

11 that the procedure is presumptive and the defendant is ineligible

12 for probation unless the Court can find good cause in the

13 interest of justice. The Court cannot find that. The Court

14 looks, among other things, to the defendant's extensive prior

15 record. Therefore, a state prison consecutive sentence is the

16 only viable sentence for Mr. Wiseman with respect to Count 1.

17 It's ordered that probation be denied and the

18 Defendant Chester Ray Wiseman-Pine is sent to California State

19 Prison on an aggravated term of -- no, this is a prior one

20 strike; right?

21    MS. BARBATOE: Yes.

22    MR. O'CONNOR: That's correct.

23    THE COURT: Aggravated term of eight years. The

24 Court selects the aggravated term on Count 1 for the following

25 reasons: The Court finds the victim was particularly vulnerable

26 in that she was the child of the defendant and subject to his

27 authority; that the defendant threatened the victim during the

28 course of the conduct; that the manner in which the crime was

1   carried out indicated planning; that the defendant took advantage

2   of a trust and confidence to commit the offense based on his

3   parental status; and, lastly, that the prior performance on

4   parole was unsatisfactory.  That is doubled pursuant to

5   Penal Code 667(e)(1), for a total of 16 years, and that is for

6   the conviction of Penal Code 288, a lewd act upon a child under

7   14.

8          As to Count 2, the Court sentences the defendant to

9   The midterm of six years, stays two-thirds of that and imposes

10  one-third for two years which is double pursuant to

11  Penal Code 667(e)(1), for a total of four years and runs that

12  consecutive to Count 1.  The Court chooses to run it consecutive

13  because, although it was the same victim, it was on a separate

14  occasion, and during the two acts, that is between Count 1 and

15  Count 2, the defendant had sufficient time to reflect on the harm

16  he was causing the victim.  And if my recollection serves me,

17  Count 2 was the incident of oral copulation on the bed after the

18  initial incidence of molest, and the Court feels that that

19  probably was more harmful to the victim than Count 1 in terms of

20  emotional trauma.

21         As to sentencing for the harassment, pursuant to

22  Penal Code 667(a)(1) the defendant is convicted of a prior

23  serious felony having been found true for an additional five

24  years consecutive to Counts 1 and 2; and as to the harassment

25  pursuant to Penal Code 667.5(b), prior prison term for an

26  additional one year consecutive to the previous enhancement and

27  the terms in Counts 1 and 2.  Thereafter, the aggravated term is

28  26 years with the following credits of 727, actual 633, conduct

# EXHIBIT COVER PAGE

"B"

**EXHIBIT**

## DESCRIPTION OF THIS EXHIBIT:

Abstract of Judgment to support consecutive
sentences were imposed and both count (1) and (2)
violate the "Double Jeopardy Clause".

## NUMBER OF PAGES TO THIS EXHIBIT: ____/____ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
   And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☒ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**    341    FORM DSL 290

☒ SUPERIOR
☐ MUNICIPAL  } COURT OF CALIFORNIA, COUNTY OF __SAN BERNARDINO__
☐ JUSTICE

COURT (I.D.) 3,6,1,2,0,

BRANCH OR JUDICIAL DISTRICT: __DESERT DISTRICT__

FILED
COUNTY CLERK
COUNTY OF SAN BERNARDINO
SEP 03 1997
By Deputy Janet Da

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: WISEMAN, CHESTER RAY
AKA:

☒ PRESENT   FVI03854   -A   F0129040
☐           -B
☐ NOT PRESENT   -C
-D
-E

COMMITMENT TO STATE PRISON ☐ AMENDED
ABSTRACT OF JUDGMENT ☐ ABSTRACT

DATE OF HEARING (MO) (DAY) (YR)  08-29-97   DEPT. NO DD-2   JUDGE STEPHEN H ASHWORTH   CLERK L COOK

REPORTER L HUNLEY   COUNSEL FOR PEOPLE R BARBATOE   COUNSEL FOR DEFENDANT R CONNOR   PROBATION NO. OR PROBATION OFFICER

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

Same Charge ⤷

| COUNT | CODE | SECTION NUMBER | CRIME | MO | DAY | YEAR | | | | | | PRINCIPAL YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 288(a) | LEWD ACT UPON CHIL | 95 03 05 | 97 | X | | U | | | | 8 | 0 |
| 2 | PC | 288(a) | LEWD ACT UPN CHILD | 95 03 05 | 97 | X | | M | | | | 2 | 0 |

3. ENHANCEMENTS

| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|
| PC667(e)(1) | 8 | PC667(a)(1) | 5 | PC667(e)(1) | 2 | PC667.5(b) | 1 | 16 0 |

Restitution fine of $ 6,600 pursuant to PC 1202.45 stayed pending successful completion of parole.

5. OTHER ORDERS: Restitution fine of $ 6,600 pursuant to PC 1202.4 to be collected by Department of Corrections

8. TOTAL TIME IMPOSED:   26  0

10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 08-29-97   CREDIT FOR TIME SPENT IN CUSTODY 727   ACTUAL LOCAL TIME 633   LOCAL CONDUCT CREDITS 94

11. ☒ FORTHWITH   ☒ CALIF. INSTITUTION FOR MEN – CHINO

CLERK OF THE COURT
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.
DEPUTY'S SIGNATURE   Janet Daum   DATE September 3, 1997

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

# EXHIBIT COVER PAGE

" C "

EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

The charged information supports both count (1) and (2)
are the same in law and fact and alleged to have
occured on the same occasion, location, date, and
same alleged victim."Proof of double jeopardy"

## NUMBER OF PAGES TO THIS EXHIBIT: _____ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
    And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☑ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff | Case No. F0129640<br>FVI03854 |
| | |
| v. | INFORMATION |
| | Arraignment Date:5/23/96<br>Department:          DD5 |
| CHESTER RAY WISEMAN,<br>aka CHESTER RAY PINE<br><br>Defendant(s) | |

INFORMATION
SUMMARY

| Ct.<br>No. | Charge | Charge<br>Range | Defendant | Special<br>Allegation | Alleg.<br>Effect |
|---|---|---|---|---|---|
| 1 | PC288(a) | 3-6-8 | WISEMAN, CHESTER RAY | PC667(b)-(i)<br>PC667(a)(1)<br>PC667.5(b) | MSP Check<br>+5 Yrs<br>+1 Yr. |
| 2 | PC288(a) | 3-6-8 | WISEMAN, CHESTER RAY | PC667(b)-(i)<br>PC667(a)(1)<br>PC667.5(b) | MSP Check<br>+5 Yrs<br>+1 Yr. |
| 3 | PC288(a) | 3-6-8 | WISEMAN, CHESTER RAY | PC667(b)-(i)<br>PC667(b)-(i)<br>PC667(b)-(i) | MSP Check<br>MSP Check<br>MSP Check |

The District Attorney of the County of San Bernardino, by this Information

alleges that:

COUNT 1

On or about December 5, 1995, in the County of San Bernardino, State of

California, the crime of LEWD ACT UPON A CHILD, in violation of PENAL CODE

SECTION 288(a), a Felony, was committed by CHESTER RAY WISEMAN, who did

Page 1

willfully, unlawfully, and lewdly commit a lewd and lascivious act upon and with the body and certain parts and members thereof of Jane Doe (DOB: 07/07/85), a child under the age of fourteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of the said defendant(s) and the said child.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)(6)."

"NOTICE:  Conviction of this offense will require you to register pursuant to Penal Code section 290.  Willful failure to register is a crime."

It is further alleged as to Count one pursuant to Penal Code section 667(b) through (i) that the defendant, CHESTER RAY WISEMAN, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:   The crime of Second Degree Robbery in violation of section 211 of the Penal Code on and about the 27th day of August, 1991 in the Superior Court of the state of California, for the county of Los Angeles, Case Number KA009030.

It is further alleged as to Count one that said defendant(s), CHESTER RAY WISEMAN, was on and about August 27, 1991, in the Superior Court of the State of California, for the County of Los Angeles, convicted of a serious felony, to wit, Second Degree Robbery, case number KA009030, in violation of Section 211 of the Penal Code, within the meaning of Penal Code section 667(a)(1).

It is further alleged as to count one that said defendant(s), CHESTER RAY WISEMAN, was on and about April 2, 1987, in the Superior Court of the State of California for the County of Los Angeles case number A539584, convicted of the crime of Second Degree Burglary, a felony, in violation of section 459 of the Penal Code, and that he then served a term as described in Penal Code section 667.5 for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term, within the meaning of Penal Code section 667.5(b).

\* \* \* \* \*

/ COUNT  2 /

On or about December 5. 1995, in the County of San Bernardino, State of
California, the crime of LEWD ACT UPON A CHILD, in violation of PENAL CODE
SECTION 288(a), a Felony, was committed by CHESTER RAY WISEMAN, who did
willfully, unlawfully, and lewdly commit a lewd and lascivious act upon and
with the body and certain parts and members thereof of Jane Doe (DOB:
07/07/85), a child under the age of fourteen years, with the intent of
arousing, appealing to, and gratifying the lust, passions, and sexual desires
of the said defendant(s) and the said child.

"NOTICE:  The above offense is a serious felony within the meaning of Penal
Code section 1192.7(c)(6)."

"NOTICE:  Conviction of this offense will require you to register pursuant
to Penal Code section 290.  Willful failure to register is a crime."

It is further alleged as to Count two pursuant to Penal Code section
667(b) through (i) that the defendant, CHESTER RAY WISEMAN, has suffered the
following prior conviction of a serious or violent felony or juvenile
adjudication:  The crime of Second Degree Robbery in violation of section 211
of the Penal Code on and about the 27th day of August, 1991 in the Superior
Court of the state of California, for the county of Los Angeles, Case Number
KA009030.

It is further alleged as to Count two that said defendant(s),
CHESTER RAY WISEMAN, was on and about August 27, 1991, in the Superior Court of
the State of California, for the County of Los Angeles, convicted of a serious
felony, to wit, Second Degree Robbery, case number KA009030, in violation of
Section 211 of the Penal Code, within the meaning of Penal Code section
667(a)(1).

It is further alleged as to count two that said defendant(s), CHESTER RAY WISEMAN, was on and about April 2, 1987, in the Superior Court of the State of California for the County of Los Angeles case number A539584, convicted of the crime of Second Degree Burglary, a felony, in violation of section 459 of the Penal Code, and that he then served a term as described in Penal Code section 667.5 for said offense, and that he did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of said term, within the meaning of Penal Code section 667.5(b).

* * * * *

| COUNT  3 |  *Dismissed by the court.*

On and between July 1, 1994 and August 31, 1995, in the County of San Bernardino, State of California, the crime of LEWD ACT UPON A CHILD, in violation of PENAL CODE SECTION 288(a), a Felony, was committed by CHESTER RAY WISEMAN, who did willfully, unlawfully, and lewdly commit a lewd and lascivious act upon and with the body and certain parts and members thereof of Jane Doe (DOB: 07/07/85), a child under the age of fourteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of the said defendant(s) and the said child.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)(6)."

"NOTICE:  Conviction of this offense will require you to register pursuant to Penal Code section 290.  Willful failure to register is a crime."

It is further alleged as to Count three pursuant to Penal Code section 667(b) through (i) that the defendant, CHESTER RAY WISEMAN, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:  The crime of SECOND DEGREE ROBBERY in violation of section 211 of the Penal Code on and about the 27th day of August, 1991 in the Superior Court of the state of California, for the county of Los Angeles, Case Number KA 009030.

Page  4

It is further alleged as to Count three pursuant to Penal Code section 667(b) through (i) that the defendant, CHESTER RAY WISEMAN, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:   The crime of SECOND DEGREE ROBBERY in violation of section 211 of the Penal Code on and about the 27th day of August, 1991 in the Superior Court of the state of California, for the county of Los Angeles, Case Number KA 009030.

It is further alleged as to Count three pursuant to Penal Code section 667(b) through (i) that the defendant, CHESTER RAY WISEMAN, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:   The crime of SECOND DEGREE ROBBERY in violation of section 211 of the Penal Code on and about the 27th day of August, 1991 in the Superior Court of the state of California, for the county of Los Angeles, Case Number KA 009030.

* * * * *

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

THIS INFORMATION CONSISTS OF 3 COUNT(S).

DENNIS L. STOUT
DISTRICT ATTORNEY
County of San Bernardino,
State of California

BY: _____

        DEPUTY DISTRICT ATTORNEY                    Filed in Superior Court,
                                                    County of San Bernardino

DATED: _____

# EXHIBIT COVER PAGE

"D"

EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

## NUMBER OF PAGES TO THIS EXHIBIT: ___/___ PAGES.

Transcript of restitution ordered by the
court in an excessive amount to indigent defendant.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
  And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☑ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

1  investigation.

2          Defendant is ordered to reimburse the city for

3  administrative booking fees in the amount $152, and that will be

4  collected by the Department of Corrections pursuant to 1202.4,

5  Penal Code.

6          The Court addresses restitution in the amount of

7  $6,600, to be collected by Department of Corrections with respect

8  to Penal Code Section 1202.45.  The Court assesses a similar

9  restitution fine of $6,600 and suspends that pending successful

10  completion of parole, at which time it will be permanent.  Remand

11  the defendant to the sheriff for transporting.

12          MR. O'CONNOR:  Respectfully, will the Court set

13  bail?

14          THE COURT:  The Court will decline to set bail,

15  and that's based upon the present conviction and the defendant's

16  prior record and his failure to appear while on parole out of

17  custody.

18          MR. O'CONNOR:  Thank you, your Honor.

19          THE COURT:  Thank you.

20      (Whereupon the proceedings were concluded at 11:54 a.m.)

21  \\\

22

23

24

25

26

27

28

# EXHIBIT COVER PAGE

"E"

EXHIBIT

## DESCRIPTION OF THIS EXHIBIT:

Inmate trust account print out of statement including restitution taken out and amounts.

## NUMBER OF PAGES TO THIS EXHIBIT: __2__ PAGES.

## JURISDICTION: (Check only one)

☐ CDCR Administrative Appeal

☐ California Victim Compensation
And Government Claims Board

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme

☒ United States District Court

☐ United States Circuit Court

☐ United States Supreme Court

Approved for
use with Judicial
Council forms
Jan 1997

REPORT ID: TS3030

REPORT DATE: 04/28/07
PAGE NO:      1

CALIFORNIA DEPARTMENT OF CORRECTIONS
R.J.DONOVAN CORR. FACILITY
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: OCT. 01, 2006 THRU APR. 28, 2007

ACCOUNT NUMBER : K65722                  BED/CELL NUMBER: F31100000000105L
ACCOUNT NAME   : WISEMAN, CHESTER RAY          ACCOUNT TYPE: I
PRIVILEGE GROUP: B

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|------|------|-------------|---------|-----------|----------|-------------|---------|
| 10/01/2006 | | BEGINNING BALANCE | | | | | 0.00 |
| | | ACTIVITY FOR 2007 | | | | | |
| 02/09 | *DD30 | CASH DEPOSIT | 3335/POBOX | | 90.00 | | 90.00 |
| 02/20 | W516 | LEGAL COPY CH | 3438/FEB07 | | | 79.50 | 10.50 |
| 02/20 | W516 | LEGAL COPY CH | 3438/FEB07 | | | 7.10 | 3.40 |
| 02/20 | W512 | LEGAL POSTAGE | 3450/FEB07 | | | 0.63 | 2.77 |
| 02/20 | W512 | LEGAL POSTAGE | 3450/FEB07 | | | 2.07 | 0.70 |
| 04/10 | W516 | LEGAL COPY CH | 4232/APR07 | | | 0.10 | 0.60 |
| 04/17 | D320 | TRUST FUNDS T | 4371/LAC | | 287.20 | | 287.80 |
| 04/24 | W512 | LEGAL POSTAGE | 4434/APR07 | | | 4.05 | 283.75 |
| 04/24 | W516 | LEGAL COPY CH | 4435/MAR07 | | | 6.75 | 277.00 |
| 04/24 | W516 | LEGAL COPY CH | 4435/MAR07 | | | 2.00 | 275.00 |
| 04/24 | W515 | COPY CHARGE | 4450/APR07 | | | 4.45 | 270.55 |

* RESTITUTION ACCOUNT ACTIVITY

DATE SENTENCED: 08/29/97                  CASE NUMBER: FVI03854
COUNTY CODE: SBD                          FINE AMOUNT: $  6,600.00

| DATE | TRANS. | DESCRIPTION | TRANS. AMT. | BALANCE |
|------|--------|-------------|-------------|---------|
| 10/01/2006 | | BEGINNING BALANCE | | 6,243.50 |
| 02/09/07 | DR30 | REST DED-CASH DEPOSIT | 100.00- | 6,143.50 |

* THIS STATEMENT DOES NOT REFLECT THE ADMINISTRATIVE FEE CHARGE THAT *
* IS EQUAL TO TEN PERCENT OF THE RESTITUTION AMOUNT COLLECTED.      *

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|-------------------|----------------|------------------|-----------------|---------------|---------------------------|
| 0.00 | 377.20 | 106.65 | 270.55 | 0.00 | 0.00 |

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST:
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY

TRUST OFFICE

CURRENT
AVAILABLE
BALANCE

```
REPORT ID: TS303Q                          REPORT DATE: 12/05/06
                                              PAGE NO:      1

                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                       CALIF. STATE PRISON, LA COUNTY
                       INMATE TRUST ACCOUNTING SYSTEM
                       INMATE TRUST ACCOUNT STATEMENT

              FOR THE PERIOD: OCT. 01, 2006 THRU DEC. 05, 2006

ACCOUNT NUMBER : K65722                BED/CELL NUMBER: FCB500000000231L
ACCOUNT NAME   : WISEMAN, CHESTER RAY    ACCOUNT TYPE: I
PRIVILEGE GROUP: B
                          TRUST ACCOUNT ACTIVITY

     << NO ACCOUNT ACTIVITY FOR THIS PERIOD >>
```

CURRENT HOLDS IN EFFECT

| DATE PLACED | HOLD CODE | DESCRIPTION | COMMENT | HOLD AMOUNT |
|---|---|---|---|---|
| 02/22/2006 | H104 | UNITED PARCEL SERVICE HOLD | 502/06 | 5.77 |
| 10/16/2006 | H109 | LEGAL POSTAGE HOLD | 1493/11-16 | 0.60 |
| 10/18/2006 | H109 | LEGAL POSTAGE HOLD | 1508/11-18 | 0.40 |
| 11/03/2006 | H109 | LEGAL POSTAGE HOLD | 1772/12-08 | 4.20 |
| 11/15/2006 | H118 | LEGAL COPIES HOLD | 1842/12-15 | 27.20 |
| 11/15/2006 | H109 | LEGAL POSTAGE HOLD | 1851/12-15 | 0.80 |
| 11/21/2006 | H118 | LEGAL COPIES HOLD | 1927/12-21 | 3.20 |
| 11/22/2006 | H109 | LEGAL POSTAGE HOLD | 1933/12-22 | 0.60 |
| 11/22/2006 | H109 | LEGAL POSTAGE HOLD | 1933/12-22 | 0.60 |
| 11/22/2006 | H118 | LEGAL COPIES HOLD | 1935/12-22 | 1.20 |
| 11/28/2006 | H109 | LEGAL POSTAGE HOLD | 1954/12-28 | 4.20 |
| 12/04/2006 | H109 | LEGAL POSTAGE HOLD | 2037/01-04 | 4.20 |
| 12/04/2006 | H109 | LEGAL POSTAGE HOLD | 2037/01-04 | 3.03 |
| 12/04/2006 | H109 | LEGAL POSTAGE HOLD | 2037/01-04 | 0.87 |
| 12/04/2006 | H109 | LEGAL POSTAGE HOLD | 2037/01-04 | 0.87 |
| 12/04/2006 | H109 | LEGAL POSTAGE HOLD | 2037/01-04 | 0.60 |
| 12/04/2006 | H118 | LEGAL COPIES HOLD | 2046/01-04 | 0.30 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 58.64 | 0.00 |

| CURRENT AVAILABLE BALANCE |
|---|
| 58.64- |

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Chester Ray Wiseman

DEFENDANTS
1983

FILING FEE PAID
Yes    No

IFP MOTION (FILED)
Yes    No

COPIES SENT TO

2254

**FILED**
2007 OCT 30   PM 3: 59
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ KM _____ DEPUTY

State of California

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Chester Ray Wiseman
PO Box 799003
San Diego, CA 92179
K-65722

ATTORNEYS (IF KNOWN)

'07 CV 2086 IEG    LSP

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appelate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint:    JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE    Docket Number

DATE    10/30/2007    SIGNATURE OF ATTORNEY OF RECORD
R. Mills